IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00713-EWN-OES

FRANCIS EDWARD SPRINGFIELD,

Applicant,

v.

J. L. NORWOOD, Warden,

Respondent.

## RECOMMENDATION FOR DISMISSAL

**Entered by O. Edward Schlatter, United States Magistrate Judge**

### INTRODUCTION

Applicant has pending before this court an Application For A Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 ("Application").  In response to the court's Order

to Show Cause, filed on June 1, 2005, respondent filed his Answer on June 14, 2005.

Applicant has not submitted a Traverse, or requested an extension of time in which to

do so.  Pursuant to 28 U.S.C. § 636(b)(1)(B), and D.C.COLO.LCivR 72.1, this matter

has been referred to me for Recommendation on matters which are dispositive.

Applicant is entitled to seek review or reconsideration of my recommendation

by filing "objections" to my recommendation within ten days.  An advisement of his

right to appeal or object is attached to this Recommendation on a page which is

entitled "Advisement Under Fed.R.Civ.P. 72."

## BACKGROUND

Applicant is a federal prisoner who is housed at FCI Englewood, Colorado.  He is incarcerated based on a 322 month sentence imposed by the United States District Court for the District of Wyoming for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and unlawful possession of a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

Applicant has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the Application, applicant raises one claim in which he argues that the Bureau of Prisons' ("BOP") method of calculating good-time credits violates 18 U.S.C. § 3624(b), the statute governing good-time credits, and is therefore depriving him of liberty.  Applicant contends that the intent of Congress under the statute is clear and unambiguous, but that the BOP has promulgated a rule and program statement reflecting an interpretation of the statute that is unsupported and unreasonable. Applicant further contends that even if the statute were ambiguous, the BOP's interpretation of it is not entitled to deference because the rule of lenity must be used in construing an ambiguous penal statute.

Respondent has filed his Answer in response to the Application.  In the Answer, the respondent agrees that the plaintiff has named the correct individual as the

respondent (as the person having custody of the applicant for purposes of the Application).  Respondent also agree that jurisdiction under 28 U.S.C. § 2241 is appropriate for the claim presented by the applicant.  The respondent challenges the applicant's claim on its merits, contending that the phrase "term of imprisonment" used in § 3624(b) is ambiguous and that the BOP's interpretation of the statute is reasonable, and therefore, entitled to deference under Chevron v. Natural Resources Defense Counsel, 467 U.S. 837 (1984).  Respondent notes that the applicant's position has previously been rejected by most courts which have considered it, and by at least five judges of this court.

Because applicant is proceeding without counsel, the court must construe his filings liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the *pro se* litigant's advocate.  Hall, 935 F.2d at 1110.

## DISCUSSION

**I.      Good Conduct Time.**

Good conduct credit  for federal prisoners is governed by 18 U.S.C. § 3624(b), which provides in pertinent part:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 [footnote omitted] year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with

3

institutional disciplinary regulations. Subject to paragraph (2), if the [BOP] determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate. . . . Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1).

Subsection (b)(2) further provides that "[the] credit awarded under this [section] . . . shall vest on the date the prisoner is released from custody." 18 U.S.C. § 3624(b)(2).

The parties construe § 3624(b) differently, which forms the basis of the instant Application. In his Application and attached written arguments in support thereof, applicant contends that by using the phrase "term of imprisonment" in § 3624(b), Congress intended to allot 54 days of good conduct time ("GCT") for each year of the prisoner's sentence, not merely for time served. Applicant therefore claims that his total GCT should be calculated by multiplying his total sentence by 54, the total number of days awarded under the statute. He claims that the BOP's policy 5880.28 improperly and incorrectly provides that the maximum allowable GCT that can be awarded is approximately 47 days, rather than the 54 days to which he is entitled.

The BOP calculates applicant's GCT differently. BOP's calculation of GCT is based on the Congressional mandate in § 3624(b), which states that a prisoner who is serving a term of more than a year may receive credit toward his sentence beyond the time served of up to 54 days "at the end of each year" of the first year of the term. 18

U.S.C. § 3624(b).  The BOP's implementing regulation at issue here provides inmates 54 days credit *for each year served*, prorated if the time served is less than a full year.  See 28 C.F.R. § 523.20.  BOP Program Statement 5880.28 details how the BOP applies good time credit to calculate a prisoner's release date.

Applicant argues that the BOP's method of awarding GCT is contrary to the clear and unambiguous intent of Congress which, he contends, requires 54 days of GCT calculation based on each year of a sentence imposed.  As a result of the agency's alleged incorrect interpretation of the statute, it is applicant's position that an inmate who receives a sentence of one year and one day, or more, can earn up to only 47 days of GCT each year rather than 54 days.  Applicant urges this court to order the BOP to recalculate his sentence, awarding him 54 days GCT for each year sentenced, rather than time served.

## II.     Rule of Lenity.

Applicant contends that § 3624 is a penal statute and, therefore, if ambiguous, falls under the rule of lenity.  Applicant contends that the rule of lenity dictates that any statutory ambiguity must be resolved in his favor.  The rule of lenity "ensures that penal laws will be sufficiently clear, so that individuals do not accidently run afoul of them and courts do not impose prohibitions greater than the legislature intended."  Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001).  The rule of lenity applies to a very narrow ambit of criminal statutes and the penalties imposed for criminal conduct.  Id.

Here, § 3624(b) is not concerned with crimes or punishment, and is not a penal

5

statute for purposes of the rule of lenity.  <u>Martinez v. Wendt</u>, 2003 WL 22456808, at *2

(N.D. Tex. 2003).  Therefore, the rule of lenity does not apply and the <u>Chevron</u> doctrine

controls.  <u>See</u> <u>Pacheco-Camacho</u>, 272 F.3d at 1268, 1271 (*citing* <u>Chevron v. Natural</u>

<u>Resources Defense Counsel, Inc.</u>, 467 U.S. 837, 843 (1984)).

**III.    <u>Chevron</u> Analysis.**

Where, as here, a litigant challenges an agency's interpretation of a statute, the

analysis must begin with the Supreme Court's decision in <u>Chevron U.S.A. Inc. v. Natural</u>

<u>Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984).  Under <u>Chevron</u>, the court must

first determine whether the phrase "term of imprisonment" is ambiguous in the statute.

If ambiguous, the court must then determine if the agency's interpretation is reasonable.

<u>Chevron</u>, 467 U.S. at 843.  The Tenth Circuit has not addressed this issue.

Applicant asserts that by using the phrase "term of imprisonment," the statute is

unambiguous.   Under primarily the same arguments as raised by the applicant in this

case, the Seventh Circuit has held that the statute was ambiguous, and that the BOP's

interpretation was "reasonable."   <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2004).

Previously, in 2001, the Ninth Circuit announced its holding that § 3624(b)(1) is

ambiguous when applied to the calculation of GCT, and that the BOP's interpretation of

the statutory provision was reasonable.  <u>See</u> <u>Pacheco-Camacho</u>, 272 F.3d at 1271.

The First Circuit has followed suit, and denied a similar challenge, <u>see</u> <u>Perez-</u>

<u>Olivio v. Chavez</u>, 394 F.3d 45, 53 (1st Cir. 2005), as has the Fifth and Third Circuits, <u>see</u>

<u>Sample v. Morrison</u>, 406 F.3d 310, 313 (5th Cir. 2005) and <u>O'Donald v. Johns</u>, 402 F.3d

172, 174 (3rd Cir. 2005).  Under unpublished decisions, the Eighth Circuit is in line with

these five circuits, <u>see</u> <u>James v. Outlaw</u>, 2005 WL 677769 (8th Cir. 2005), as is the Sixth Circuit, <u>see</u> <u>Brown v. Hemingway</u>, 2002 WL 31845147 (6th Cir. 2002); <u>Williams v. Lamanna</u>, 2001 WL 1136069 (6th Cir. 2001).   Lower courts outside of these circuits which have considered the issue have also reached the same conclusion.  <u>See</u>, <u>i.e.</u>, <u>Esposito v. Ashcroft</u>, 2005 WL 119872 (N.D.W.Va. 2005); <u>Schurkman v. Bureau of Prisons</u>, 2004 WL 2997863, *4-5 (S.D.N.Y. 2004) (slip opinion); <u>Sash v. Zenk</u>, 344 F.Supp.2d 376, 383-84 (E.D.N.Y. 2004).

However, on December 29, 2004, the U.S. District Court for the District of Maryland rejected the stance of the Sixth, Seventh and Ninth Circuits.  That court determined that § 3624(b) is not ambiguous and that good time credits are to be awarded based on the sentence imposed.  <u>See</u> <u>Williams v. Dewalt</u>, 351 F.Supp.2d 412 (D.Md. 2004). Additionally, on March 30, 2005, the Southern District of Texas issued an opinion which is supportive of applicant's position.  <u>See</u> <u>Moreland v. Federal Bureau of Prisons</u>, 363 F.Supp.2d 882 (S.D.Tex. 2005).  However, that decision is questionable, given the contrary and controlling ruling of the Fifth Circuit in <u>Sample v. Morrison</u> which was issued on March 22, 2005.

While this court is not bound by the decisions of other circuits and lower courts, the analysis and conclusions of those courts which have found an ambiguity in § 3624(b) and looked to the interpretation of the BOP as reasonable are on-point and well-reasoned to the issue presented herein. Further, at least five Judges of this court have found ambiguity under § 3624(b) when applied to the calculation of GCT and that the BOP's interpretation of the provision is reasonable. <u>See</u> <u>Brown v. Rios</u>, Civil Action No.

04-cv-1560-WYD (D.Colo. Sept. 30, 2004); Haslam v. Rios, Civil Action No. 04-cv-1274-PSF-CBS (D.Colo. Nov. 29, 2004); Byant v. Rios, Civil Action No. 04-cv-1982-EWN-OES (D.Colo. Feb. 25, 2005); Stanley v. Rios, Civil Action No. 04-cv-2241-WDM-CBS (D.Colo. May 25, 2005); Coy v. Rios, Civil Action No. 04-cv-2564-ZLW-BNB (D.Colo. June 7, 2005). This applicant has presented no authority or argument which would provide the basis for a different determination in his case.

The phrase "term of imprisonment" is ambiguous because the language of § 3624(b) does not make clear whether the sentence imposed or the time served should be the basis of GCT.   See  Pacheco-Camacho, 272 F.3d at 1268-1269.   Under the applicant's interpretation, § 3624 would "confer upon the prisoner a bonus during his last year of imprisonment." Nothing in the statute suggests that Congress intended such a result. Id. Further, logically, applicant's interpretation conflicts with the statute's plain language, which requires the BOP to credit the inmate only at the end of each year. 18 U.S.C. § 3624(b)(1).

The applicant complains that in its regulations and its program statement the BOP has incorrectly and without authority substituted the phrase "for each year served," for the phrase "term of imprisonment."  However, as aptly demonstrated by the rationale of the U.S. District Court for the District of Minnesota, § 3624(b)(1) is ambiguous because interpreting "term of imprisonment" to mean "sentence imposed," in light of the "beyond the time served" language also in the statute, "is inconsistent with the retrospective year-end evaluation and award system § 3624 contemplates."   Whitfield v. Hollingsworth,

2004 WL 3049763, *2 (D.Minn. 2004) (slip opinion).  As found by that court, "it is impossible to make sense of § 3624 while giving the phrase 'term of imprisonment' one meaning."  Id. at *3.  Accordingly, since the first prong of analysis under Chevron demonstrates an ambiguity, the court is required to determine if the BOP's calculation of GCT is "based on a permissible construction of the statute." Pacheco-Camacho, 272 F.3d at 1270.

In analyzing the second step of Chevron based upon the prerequisite ambiguity which has been found, the court looks to whether Congress explicitly or implicitly "left a gap for the agency to fill." Chevron, 467 U.S. at 843.  If this delegation is implicit, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of the agency."  Id. at 844.  A reviewing court defers to the agency, if the agency's interpretation of the statute "reflects a plausible construction of the plain language of the statute and does not otherwise conflict with Congress' expressed intent." Rust v. Sullivan, 500 U.S. 173, 184 (1991).

The statute here does not explicitly vest the BOP with authority to clarify its provisions by regulation, however, the authority is implied by the authority to grant GCT. Pacheco-Camacho, 272 F.3d at 1270.  Thus, the language of § 3524(b)(1) implicitly charges the BOP with the implementation of prorating.

The BOP's interpretation of the statute affords inmates their full 54 days of GCT, credited at the end of every year. However, it does not "award" credit for years not actually served. Under the applicant's interpretation, he would be eligible to receive GCT for time

he will not serve, contrary to the statutory language that authorizes an award of good

conduct time credits only at the end of each year for which the BOP determines "the

prisoner has displayed exemplary compliance with institutional disciplinary regulations."

18 U.S.C. § 3624(b)(1).  The BOP's interpretation "comports with the statutory language

of section 3624(b), and does not subvert the statutory design." Pacheco-Camacho, 272

F.3d at 1270.  Furthermore, the BOP's interpretation "establishes an effective and fair

prorating scheme, enabling inmates to calculate with reasonable certainty the end of

their imprisonment, which preventing certain prisoners from receiving disproportionate

good time credits." Id. at 1270-71.

Therefore, any ambiguity of the provisions of § 3624(b) has been resolved by the

BOP through reasonable interpretation, and this court should accord substantial

deference to the BOP's interpretation of a statute it is entrusted to administer.  See

Chevron, 467 U.S. at 843; Lopez v. Davis, 531 U.S. 230, 242 (2001) (recognizing that

Chevron deference applies to the BOP's interpretation of the statutes it administers).  As

a result, applicant's claim lacks merit and the Application herein should be denied.

**IV.    Evidentiary Hearing.**

The issues presented in the Application exclusively concern issues of law, with

the general facts necessary to determine those issues not in dispute and already

contained in the record. Accordingly, an evidentiary hearing in this regard is not required.

See, generally, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus,

a court must hold a hearing at which the applicant is present, unless the writ and return

present only issues of law).

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby

**RECOMMENDED** that the Honorable Edward W. Nottingham **DENY** the Application [Filed

April 19, 2005; Docket #3] and enter an Order directing that this case be dismissed with

prejudice.

Dated at Denver, Colorado, this 15th day of July, 2005.

BY THE COURT:

s/ O. Edward Schlatter

_____

O. Edward Schlatter
United States Magistrate Judge